UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARTINEZ, Booking #23745931, <br><br> Plaintiff, <br><br> vs. <br><br> F. GONZALES, SAN DIEGO COUNTY SHERIFF'S DEP'T COUNTY JAIL MEDICAL DEP'T, S.D. JAIL MEDICAL TEAM, <br><br> Defendants. | Case No.: 24-CV-409 JLS (BGS) <br><br> **ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** <br><br> (ECF No. 1) |

Plaintiff Justin Martinez, currently detained at Vista Detention Facility in San Diego County, California, is proceeding pro se in this case pursuant to 42 U.S.C. § 1983.[1] *See* ECF No. 1.

/ / /

---

[1] Plaintiff's Complaint is on a form for civil actions against federal actors pursuant to *Biven v. Six Unknown Agents of Federal Narcotics Bureau*, 403 U.S. 388 (1971). Because Plaintiff is suing only state and county actors and is detained in a county facility, however, the Court liberally construes Plaintiff's Complaint as a civil action pursuant to 42 U.S.C. § 1983. *See Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006) (describing a suit brought under *Bivens* as the "federal analog" to § 1983).

1

## DISCUSSION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $405 in filing and administrative fees required to commence this civil action, nor has he submitted a properly supported motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## CONCLUSION

In light of the foregoing, the Court:

(1) **DISMISSES** this action without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a), and his failure to properly move to proceed IFP pursuant to 28 U.S.C. § 1915(a);

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open his case by: (a) prepaying the entire $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in full; *or* (b) completing and filing a Motion and

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Declaration in Support of Motion to Proceed IFP that complies with 28 U.S.C. § 1915(a)(1), (2) and S.D. Cal. CivLR 3.2(b); and

(3) **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience. Should Plaintiff neither pay the $405 filing fee in full nor sufficiently complete and file the attached Motion and Declaration to Proceed IFP within 45 days, this civil action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: March 4, 2024

Hon. Janis L. Sammartino
United States District Judge